IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MEIER, | No. CIV S-11-0673-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| JOHN ZUFALL, | |
|     Defendant. | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. On April 18, 2011, the court determined that plaintiff's complaint was appropriate for service and directed plaintiff to submit documents for service by the United States Marshal within 30 days. Plaintiff was warned that failure to submit the required documents may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. As of June 7, 2011, plaintiff had not complied and the court directed plaintiff to show cause why this action should not be dismissed. Plaintiff has also failed to respond to the order to show cause.

/ / /

1       The court must weigh five factors before imposing the harsh sanction of
2   dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3   U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
4   interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5   the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6   their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
7   46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
8   appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9   See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
10  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
11  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
12  comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
13  1260-61 (9th Cir. 1992).
14      Having considered these factors, and in light of plaintiff's failure to submit
15  service documents as directed, the court finds that dismissal of this action is appropriate.
16      Accordingly, IT IS HEREBY ORDERED that:
17      1.   This action is dismissed, without prejudice, for lack of prosecution and
18  failure to comply with court rules and orders; and
19      2.   The Clerk of the Court is directed to enter judgment and close this file.

DATED:  August 10, 2011

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE